UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
GUADALUPE OLIVO,

        Plaintiff(s),

  -against-

CLIFFORD PROVIDENCE, THE UNITED STATES
POSTAL SERVICE and THE UNITED STATES OF
AMERICA

        Defendant(s).

------------------------------------------------------------------X

COMPLAINT

JURY TRIAL DEMANDED

## NATURE OF ACTION

1. This is an action to recover money damages arising out of the negligence of the herein Defendants resulting in severe and permanent personal injuries to the Plaintiff.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this dispute because this Complaint seeks damages in excess of $75,000.00 dollars, exclusive of interest and attorneys' fees.

3. The various negligent acts set forth in the instant Complaint occurred in the State of New York, County of Nassau.

4. That this action is brought and this Court has jurisdiction of same under the provisions of the law commonly known as the Federal Tort Claims Act, 28 United States Code Sections 1291, 1346(b), 1367(a), 1402, 2401, 2402, 2671-2680.

5. That at all times hereinafter mentioned, and at the time of the occurrence hereinafter more particularly set forth, the act that is the subject of the instant action took place in Nassau County, and therefore venue is properly laid in The Eastern District of New York pursuant to 28 U.S.C. §§§1391(b), (c), (e) and 1402(b)

6. This action falls within one or more of the exemptions set forth in N.Y. Civ. Proc. L & R §1602.

## JURY DEMAND

7. Plaintiff demands a trial by jury in this action.

## NOTICE OF CLAIM

8. On or about February 28, 2025, a Notice of Claim respective to the claims underlying the instant Complaint was timely filed with the Defendant United States Postal Service ("USPS) in compliance with the Federal Tort Claims Act and 28 U.S.C. §2675.

9. Plaintiff has fully complied with the provisions of 28 U.S.C. §2675 of the Federal Tort Claims Act.

10. Plaintiff OLIVO is now filing this complaint pursuant to 28 U.S.C. §2401(b) after proper service upon the Law Department National Tort Center, United States Postal Service.

11. That defendant, UNITED STATES POSTAL SERVICE, has acknowledged receipt of the aforesaid Notice of Claim.

12. The instant Complaint seeks monetary compensation in the amount of $5,000,000.00 as is consistent with the aforementioned filed Notice of Claim.

## PARTIES

13. Plaintiff, GUADALUPE OLIVO, ("OLIVO") was and is a resident of the County of Queens, State of New York.

14. That at all times hereinafter more mentioned and at the time of the occurrence hereinafter more particularly set forth, defendant, UNITED STATES OF AMERICA, ("USA") is a sovereign.

15. That at all times hereinafter more particularly mentioned and at the time of the occurrence hereinafter more particularly set forth, defendant, USA, owned, maintained, controlled, managed and operated an agency known as UNITED STATES POSTAL SERVICE ("USPS").

16. Defendant USPS is a federal department, agency, and/or organization of and/or organized under the laws of the United States of America.

17. At all times relevant herein, Defendant CLIFFORD PROVIDENCE ("Defendant PROVIDENCE") was an employee and/or agent of Defendant USPS.

18. At all times relevant herein, Defendant PROVIDENCE was acting within the scope of his employment with Defendant USPS.

19. Defendant PROVIDENCE is sued in his official capacity.

## STATEMENT OF FACTS

20. At all times relevant herein, Defendant USPS was the owner of a United States Postal Truck bearing truck number 1610359.

21. At all times relevant herein, Defendant USA was the owner of a United States Postal Truck bearing truck number 1610359.

22. At all times relevant herein, Plaintiff OLIVO was the operator of a 2024 Honda bearing New York State License Plate Number LJJ1987.

23. On January 3, 2025, Defendant PROVIDENCE was operating a United States Postal Truck bearing truck number 1610359 with the permission, knowledge and consent of Defendant USPS, its supervisors, employees and/or agents.

24. On January 3, 2025, Defendant PROVIDENCE was operating a United States Postal Truck bearing truck number 1610359 with the permission. knowledge and consent of Defendant USA, its supervisors, employees and/or agents.

25. That at all times hereinafter mentioned, and at the time of the occurrence hereinafter more particularly set forth, 20th Avenue and I-678 was and still is a public highway, located in the County of Queens and State of New York.

26. On January 3, 2025, the United States Postal Truck bearing truck number 1610359 operated by Defendant PROVIDENCE came into violent contact with the 2024 Honda bearing New York State License Plate Number LJJ1987 operated by Plaintiff OLIVO at or near 20th Avenue and I-678, located in the County of Queens and State of New York.

27. On January 3, 2025, the United States Postal Truck bearing truck number 1610359 operated by Defendant PROVIDENCE came into violent contact with the 2024 Honda bearing New York State License Plate Number LJJ1987 operated by Plaintiff OLIVO at or near 20th Avenue and I-678, located in the County of Queens and State of New York, thereby causing plaintiff OLIVO to sustain serious and permanent personal injuries.

28. On January 3, 2025, the United States Postal Truck bearing truck number 1610359 owned by Defendant USA came into violent contact with the 2024 Honda bearing New York State License Plate Number LJJ1987 operated by Plaintiff OLIVO at or near 20th Avenue and I-678, located in the County of Queens and State of New York.

29. On January 3, 2025, the United States Postal Truck bearing truck number 1610359 owned by Defendant USA came into violent contact with the 2024 Honda bearing New York State License Plate Number LJJ1987 operated by Plaintiff OLIVO at or near 20th Avenue and I-678, located in the County of Queens and State of New York, thereby causing plaintiff OLIVO to sustain serious and permanent personal injuries.

30. On January 3, 2025, the United States Postal Truck bearing truck number 1610359 owned by Defendant USPS came into violent contact with Plaintiff OLIVO at or near 20th Avenue and I-678, located in the County of Queens and State of New York.

31. On January 3, 2025, the United States Postal Truck bearing license plate number 0239205 owned by Defendant USPS came into violent contact with the 2024 Honda bearing New York State License Plate Number LJJ1987 operated by Plaintiff OLIVO at or near 20th Avenue and I-678, located in the County of Queens and State of New York, thereby causing plaintiff OLIVO to sustain serious and permanent personal injuries.

## FIRST CAUSE OF ACTION

32. Plaintiff OLIVO repeats, reiterates and realleges each and every allegation as if fully set forth herein.

33. At all times relevant herein, Defendant PROVIDENCE owed a duty to exercise reasonable care in the operation and/or use of the United States Postal Truck bearing truck number 1610359 to the other individuals on public roadways and his passengers.

34. Defendant PROVIDENCE breached his duty of care to other individuals on the above-described public roadways, and in particular to Plaintiff OLIVO, as Defendant PROVIDENCE was negligent and careless in the operation and/or use of the United States Postal Truck bearing truck number 1610359.

35. Defendant PROVIDENCE was careless, reckless and negligent, jointly and severally, in the ownership, maintenance, management and control of their said vehicle in: operating their said vehicles at a dangerous and careless rate speed; failing to yield the right of

way to a pedestrian; failing to bring the same to a stop in order to avoid the happening of the accident; failing to operate said vehicles in accordance with the rules and regulations of the road; in disregarding the traffic and weather conditions then and there existing; in causing plaintiff's injuries; in failing to have said vehicles under reasonable and proper control; in failing to take the necessary means and precautions to avoid and guard against the happening of the accident; in failing to operate said vehicles as a reasonable and prudent person would have under the circumstances then and there existing; in failing to exercise due care and caution in the operation, management and control of their vehicle; in failing to apply brakes in time to avoid the happening of the accident; in disregarding the traffic controls then and there existing; in failing to pay attention to the roadway and the vehicles thereat; in failing to take cognizance of other vehicles and pedestrians then and there existing; in failing to foresee the accident; in failing to give plaintiff an opportunity to avoid the happening of the accident; in failing to look; in failing to keep a proper lookout; in failing to see; in failing to see what was there to be seen; in failing to take the last clear chance; and in otherwise being careless, reckless and negligent.

36. As a direct, foreseeable, and proximate result of the negligence of Defendant PROVIDENCE, Plaintiff OLIVO suffered serious injuries that meet the threshold of a "serious" injury as such term is defined in Section 5102 of the Insurance Law of the State of New York and being a covered person claiming against a covered person, is entitled to recover for non-economic loss, including pain, suffering, disfigurement and disability.

37. That by reason of the aforesaid, this plaintiff has suffered serious and severe personal

injuries, resulting in permanent loss of use and/or permanent consequential limitation of use of a body organ and/or member, and/or significant limitation of use of a body function and/or system and/or a medically determined injury or impairment of a non-permanent nature which prevents the injured person from performing substantially all of the material acts which constitute such person's usual and customary daily activities for not less than 90 days during the 180 days immediately following the occurrence of the injury or impairment.

38. That by reason of the aforesaid, this plaintiff has suffered a serious injury, as defined in subdivision (d) of section 5102 of the Insurance Law of the State of New York.

39. That by reason of the aforesaid, this plaintiff has suffered economic loss greater than basic economic loss, as defined in subdivision (a) of section 5102 of the Insurance Law of the State of New York.

40. As a direct, foreseeable, and proximate result of the negligence of Defendant USPS, Plaintiff OLIVO sustained injuries including, but not limited to:

41. As a further direct and proximate result of the negligence of Defendant USPS, Plaintiff OLIVO has incurred medical expenses for her care and treatment in an effort to alleviate and cure her injuries, and will continue to incur additional expenses in the future.

SECOND CAUSE OF ACTION

42. Plaintiff OLIVO repeats, reiterates and realleges each and every allegation in the First Cause of Action as if fully set forth herein.

43. At all times relevant herein, Defendant PROVIDENCE was operating the United States

Postal Truck bearing truck number 1610359 with the express permission of Defendant USPS.

44. At all times relevant herein, Defendant PROVIDENCE was operating the United States Postal Truck bearing truck number 1610359 with the implied permission of Defendant USPS.

45. At all times relevant herein, Defendant PROVIDENCE operated the United States Postal Truck bearing truck number 1610359 while engaging in his duties and/or business for, on behalf of, and at the direction of Defendant USPS.

46. At all times relevant herein, Defendant USPS was in possession, custody and/or control of the United States Postal Truck bearing truck number 1610359.

47. At all times relevant herein, Defendant USPS owed a duty to exercise reasonable care in the ownership, entrustment, maintenance, operation, and/or use of the United States Postal Truck bearing truck number 1610359 for the benefit of other individuals on public roadways and its passengers.

48. Defendant USPS breached its duty of care to other individuals on the above-described public roadways, and in particular to Plaintiff OLIVO, as it was negligent and careless in the ownership, maintenance, entrustment, operation, and/or use of the United States Postal Truck bearing truck number 1610359.

49. Defendant USPS was negligent directly and/or through the conduct of Defendant PROVIDENCE, and under the doctrine of *respondeat superior*.

50. Defendant USPS was additionally negligent in, *inter alia,* its negligent maintenance of the United States Postal Truck bearing truck number 1610359, negligent entrustment of

the United States Postal Truck bearing truck number 1610359 to Defendant PROVIDENCE, and other acts of negligence to be determined through discovery.

51. Defendant USA was negligent directly and/or through the conduct of Defendant PROVIDENCE, and under the doctrine of *respondeat superior.*

52. Defendant USA was additionally negligent in, *inter alia,* its negligent maintenance of the United States Postal Truck bearing truck number 1610359, negligent entrustment of the United States Postal Truck bearing truck number 1610359 to Defendant PROVIDENCE, and other acts of negligence to be determined through discovery.

53. As a direct, foreseeable, and proximate result of the negligence of Defendant USPS, Plaintiff PROVIDENCE suffered serious injuries that meet the threshold of a "serious" injury as such term is defined in Section 5102 of the Insurance Law of the State of New York and being a covered person claiming against a covered person, is entitled to recover for non-economic loss.

54. That by reason of the aforesaid, this plaintiff has suffered serious and severe personal injuries, resulting in permanent loss of use and/or permanent consequential limitation of use of a body organ and/or member, and/or significant limitation of use of a body function and/or system and/or a medically determined injury or impairment of a non-permanent nature which prevents the injured person from performing substantially all of the material acts which constitute such person's usual and customary daily activities for not less than 90 days during the 180 days immediately following the occurrence of the injury or impairment.

55. That by reason of the aforesaid, this plaintiff has suffered a serious injury, as defined in

subdivision (d) of section 5102 of the Insurance Law of the State of New York.

56. That by reason of the aforesaid, this plaintiff has suffered economic loss greater than basic economic loss, as defined in subdivision (a) of section 5102 of the Insurance Law of the State of New York.

57. As a direct, foreseeable, and proximate result of the negligence of Defendant USPS, Plaintiff OLIVO sustained injuries including, but not limited to: C3-C4 left disc herniation impinges upon the anterior thecal sac; C4-C5 disc bulging impinges upon the anterior thecal sac; C5-C6 disc bulging impinges upon the anterior thecal sac; C6-C7 central disc herniation impinges upon the anterior thecal sac; T2-T3 right paracentral disc herniation; left shoulder small distal supraspinatus tendon partial thickness bursal surface tear and/or tendinosis; left shoulder subscapularis tendinosis; left shoulder small amount of fluid in the subacromion-subdeltoid bursa; and other serious injuries to be determined through discovery.

58. As a further direct and proximate result of the negligence of Defendant USPS, Plaintiff PROVIDENCE has incurred medical expenses for her care and treatment in an effort to alleviate and cure her injuries, and will continue to incur additional expenses in the future.

THIRD CAUSE OF ACTION

59. Plaintiff OLIVO repeats, reiterates and realleges each and every allegation in the First and Second Cause of Action as if fully set forth herein.

60. At all times relevant herein, Defendant PROVIDENCE was operating the United States Postal Truck bearing truck number 1610359 with the express permission of Defendant

USA.

61. At all times relevant herein, Defendant PROVIDENCE was operating the United States Postal Truck bearing truck number 1610359 with the implied permission of Defendant USA.

62. At all times relevant herein, Defendant PROVIDENCE operated the United States Postal Truck bearing truck number 1610359 while engaging in his duties and/or business for, on behalf of, and at the direction of Defendant USA.

63. At all times relevant herein, Defendant USA was in possession, custody and/or control of the United States Postal Truck bearing truck number 1610359.

64. At all times relevant herein, Defendant USA owed a duty to exercise reasonable care in the ownership, entrustment, maintenance, operation, and/or use of the United States Postal Truck bearing truck number 1610359 for the benefit of other individuals on public roadways and its passengers.

65. Defendant USA breached its duty of care to other individuals on the above-described public roadways, and in particular to Plaintiff OLIVO, as it was negligent and careless in the ownership, maintenance, entrustment, operation, and/or use of the United States Postal Truck bearing truck number 1610359.

66. Defendant USA was negligent directly and/or through the conduct of Defendant PROVIDENCE, and under the doctrine of *respondeat superior.*

67. Defendant USA was additionally negligent in, *inter alia,* its negligent maintenance of the United States Postal Truck bearing truck number 1610359, negligent entrustment of the United States Postal Truck bearing truck number 1610359 to Defendant PROVIDENCE,

and other acts of negligence to be determined through discovery.

68. As a direct, foreseeable, and proximate result of the negligence of Defendant USPS, Plaintiff PROVIDENCE suffered serious injuries that meet the threshold of a "serious" injury as such term is defined in Section 5102 of the Insurance Law of the State of New York and being a covered person claiming against a covered person, is entitled to recover for non-economic loss.

69. That by reason of the aforesaid, this plaintiff has suffered serious and severe personal injuries, resulting in permanent loss of use and/or permanent consequential limitation of use of a body organ and/or member, and/or significant limitation of use of a body function and/or system and/or a medically determined injury or impairment of a non-permanent nature which prevents the injured person from performing substantially all of the material acts which constitute such person's usual and customary daily activities for not less than 90 days during the 180 days immediately following the occurrence of the injury or impairment.

70. That by reason of the aforesaid, this plaintiff has suffered a serious injury, as defined in subdivision (d) of section 5102 of the Insurance Law of the State of New York.

71. That by reason of the aforesaid, this plaintiff has suffered economic loss greater than basic economic loss, as defined in subdivision (a) of section 5102 of the Insurance Law of the State of New York.

72. As a direct, foreseeable, and proximate result of the negligence of Defendant USA, Plaintiff PROVIDENCE sustained injuries including, but not limited to:; and other serious injuries to be determined through discovery.

73. As a further direct and proximate result of the negligence of Defendant USA, Plaintiff PROVIDENCE has incurred medical expenses for her care and treatment in an effort to alleviate and cure her injuries, and will continue to incur additional expenses in the future.

## PRAYER FOR RELIEF

74. WHEREFORE, Plaintiff respectfully requests judgment against Defendants as follows:

(a) Compensatory damages against all defendant, jointly and severally;

(b) Reasonable attorney' fees, costs and interest; and

(c) Such other and further relief as this Court deems just and proper.

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Dated: Farmingdale, New York
       October 1, 2025

*Joshua P. Quinonez*
Joshua P. Quinonez, Esq.
Rosner Russo Shahabian PLLC
Attorneys for Plaintiff
398 Conklin Street
Farmingdale, New York 11735
Phone: (516) 376-0000
Email: Jquinonez@rrslaw.com

# ATTORNEY VERIFICATION

JOSHUA P. QUINONEZ, ESQ., an attorney at law, duly admitted to practice in the Courts of theState of New York and EASTERN DISTRICT of NEW YORK, affirms under penalties of perjury that:

He is the attorney for the plaintiff(s) in the above entitled action. That he has read theforegoing SUMMONS AND COMPLAINT and knows the contents thereof, and upon information and belief, deponent believes the matters alleged herein to be true.

The reason this Verification is made by deponent and not by the plaintiff(s) is that theplaintiff(s) reside(s) in a county other than the one in which the plaintiffs attorneys maintain their office.

The source of deponent's information and the grounds of his belief are communication,papers, reports and investigation contained in the file.

Dated: Farmingdale, New York
October 1, 2025

*Joshua P. Quinonez*
_____
Joshua P. Quinonez, Esq.
Rosner Russo Shahabian PLLC
Attorneys for Plaintiff
398 Conklin Street
Farmingdale, New York 11735
Phone: (516) 376-0000
Email: Jquinonez@rrslaw.com